IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff/Respondent*, | ) |
| | ) Case No. CIV-15-102-JHP |
| v. | ) |
| | ) |
| LARRY EUGENE PIRPICH, JR., | ) |
| | ) |
| *Defendant/Movant*. | ) |

**OPINION AND ORDER**

Before the Court is Petitioner Larry Eugene Pirpich's "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody." Mr. Pirpich raises a number of claims regarding his motion to withdraw guilty plea and this Court's denial of the motion. The motion to withdraw was based on Mr. Pirpich's contention that his former counsel, Assistant Federal Public Defender Rob Ridenour, had rendered ineffective assistance of counsel by misadvising Mr. Pirpich as to how much credit he could get on his federal sentence for time served on an undischarged state sentence. Based on Mr. Ridenour's inaccurate advice, or Mr. Pirpich's misunderstanding of that advice, Mr. Pirpich argues his guilty plea was not knowing and voluntary. In his view, the Court should not have accepted his plea in the first place and later should have granted his motion to withdraw the plea. Having considered Mr. Pirpich's motion, the government's response, and the well-developed record which includes a prior evidentiary hearing on these issues, the Court finds Mr. Pirpich's motion is denied.[1]

---

[1] Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is necessary. 28 U.S.C. §2255(b). *See also United States v. Barboa*, 777 F.2d 1420, 1422, n. 2 (10th Cir. 1985).

1

Mr. Pirpich and his wife were both charged with one count of Conspiracy to Possess and Distribute a List I Chemical Used to Manufacture a Controlled Substance, in violation of 21 U.S.C. § 846, and ten counts of Interstate Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952(a)(3), for their scheme to purchase pseudoephedrine in quantities exceeding the legal limit, for the purposes of manufacturing methamphetamine. Mr. Pirpich pled guilty pursuant to a written plea agreement which detailed the statutory sentencing provisions applicable to his offense. In that plea agreement, Mr. Pirpich explicitly waived his appellate and post-conviction rights and stipulated to how his undischarged Texas state sentence was to be imposed with respect to his federal sentence. However, when Mr. Pirpich appeared for sentencing, Mr. Ridenour advised the Court he and Mr. Pirpich were having irreconcilable differences as to Mr. Pirpich's understanding of the sentence to be imposed. The Court allowed Mr. Ridenour's withdrawal.

Some three months later, Mr. Pirpich, through his new counsel, filed a motion to withdraw his guilty plea and rescind the plea agreement. His primary argument in support of the motion was that Mr. Ridenour had misinformed him as to the amount of credit he would receive for his undischarged state sentence applied against his federal sentence. Mr. Pirpich attached as an exhibit to his motion a piece of paper with handwritten calculations which he purported Mr. Ridenour had given him. This Court conducted an evidentiary hearing to hear testimony from both Mr. Pirpich and Mr. Ridenour. Additionally, the Court reviewed additional briefing from both sides on the issue. This Court then issued a written order denying the motion to withdraw the plea and rescind the plea agreement.

Thereafter, the Court sentenced Mr. Pirpich to 188 months on the conspiracy count and 60 months on each of the ten interstate travel in aid of racketeering counts, to be served concurrently with each other and with Mr. Pirpich's Texas state sentence.

Mr. Pirpich appealed to the Tenth Circuit, arguing this Court abused its discretion in denying his motion to withdraw. He explained in his appellate brief that because of Mr. Ridenour's incorrect advice, he misunderstood the interplay between his state and federal sentences, and therefore, his plea could not have been knowing and voluntary. The Tenth Circuit concluded Mr. Pirpich had demonstrated neither the deficient performance nor the prejudice necessary to sustain an ineffective assistance claim. *See United States v. Pirpich*, 594 Fed. Appx. 471, 477 (10th Cir. 2014), *cert. denied* 135 S.Ct. 1752 (2015). Moreover, the panel found "[n]othing in the record or in Mr. Pirpich's brief" to overturn the district court's conclusion the plea was both knowing and voluntary. *Id.* at 478. In sum, the Circuit concluded Mr. Pirpich "has utterly failed to show that the district court abused its discretion in denying his request to rescind his plea agreement and withdraw his guilty plea." *Id.*

Thereafter, Mr. Pirpich filed his 28 U.S.C. § 2255 motion with this Court. Mr. Pirpich frames his grounds for relief as follows:

(1) "Trial Court erred when it accepted Movant's guilty plea without determining that the plea was understood"

(2) "Waiver of appellate and post-conviction rights was erroneous advice from defense counsel"[2]

---

[2] Although the government did not seek enforcement of the appellate waiver in the direct appeal and has not asserted the post-conviction waiver against this motion, the Tenth Circuit noted, "Mr. Pirpich's plea agreement contained a waiver of all direct appeals as well as the 'right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver.'" ***Pirpich***, 594 Fed. Appx. at 476.

3

(3) "Counsel was inexplicably exceedingly ineffective for convincing Applicant his plea would result in 60 months;" and

(4) "Trial Court unreasonably denied Applicant's motion to withdraw plea of guilty and rescind plea agreement."

Mr. Pirpich is not entitled to relief because the Tenth Circuit has already renounced each claim either directly or by implication.³ Moreover, since the Supreme Court has denied certiorari, there will be no further review of the Tenth Circuit's opinion. It is a final decision binding on this lower court through the doctrines of law of the case, res judicata and collateral estoppel. *See Pirpich*, 594 Fed. Appx. at 472, n.*

The opinion on direct appeal explicitly rejected Ground Four, holding "Mr. Pirpich has utterly failed to show that the district court abused its discretion in denying his request to rescind his plea agreement and withdraw his guilty plea." ***Pirpich***, 594 Fed. Appx. at 478. Mr. Pirpich's other claims are encompassed within the Tenth Circuit's ruling on Ground Four. Indeed, the Tenth Circuit noted Pirpich's "argument about the plea agreement seems to encompass both the validity of his plea and the effectiveness of his counsel, in that he argues, based on his attorney's incorrect advice when he signed the plea agreement, he misunderstood the interplay between his state and federal sentences and the impact of his state sentence on his federal sentence." *Id.* at 477.

As to Grounds Two and Three, the Tenth Circuit determined Mr. Pirpich had met neither prong required to establish ineffective assistance of counsel. Specifically, the court explained, "Mr. Ridenour, an experienced criminal defense attorney, testified that he did not promise Mr. Pirpich a sixty-month sentence." *Id.* at 477 (emphasis in original). "[E]ven had he made such a

---

³ "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *United States v. Temple*, 480 Fed. Appx. 478, 480 (10th Cir. 2012) (same).

4

promise," the panel continued, "a miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Id.* (citations omitted). Moreover, since "Mr. Pirpich himself has admitted that, had he been permitted to withdraw his guilty plea, he would most likely have pled guilty again, rather than proceed to trial," he has not established prejudice. *Id.*

With respect to Ground One, the Tenth Circuit concluded "[i]t is also clear that Mr. Pirpich's plea, and his entry into the plea agreement was knowing and voluntary." *Id.* In response, in a *pro se* filing in his criminal case, Mr. Pirpich argued, "Although the Tenth Circuit determined that the district court correctly concluded that the defendant/movant's plea, and entry into the plea agreement was knowing and voluntary, neither court attempted to address the fact that it was overly obvious that defendant/movant did not understand the likely consequences." *Request for Judicial Notice*, Doc. #131. To the contrary, Mr. Pirpich was repeatedly advised of the consequences of his guilty plea. **Pirpich**, 594 Fed. Appx. at 472-73 ("The plea agreement contained the following provisions: the maximum possible sentence for the drug conspiracy count was 'imprisonment for a period of not more than 20 years. . . ' and the maximum sentence for each count of traveling in aid of racketeering was "imprisonment for a period of not more than 5 years"); *Id.* at 473 ("agreement also included a stipulation regarding a pre- existing Texas state conviction against Mr. Pirpich: . . . a reasonable punishment would result from applying credit for <u>time already served</u>" in Pirpich's state case) (emphasis in original); *Id.* at 474 (Mr. Pirpich "further admitted that he had heard, at his change of plea hearing, an estimate of his sentencing range as being from 188 to 235 months, but he did not, at that time, mention to the court Ex. A, with its handwritten calculation of a substantially lower sentence"; and *Id.* (Mr. Pirpich "also indicated his understanding that the district court would determine his sentence and

that the court was not bound by the plea agreement."). Given these repeated warnings, it is hardly "overly obvious that defendant/movant did not understand the likely consequences" as Mr. Pirpich alleges.

Accordingly, Mr. Pirpich's motion to vacate is denied.

IT IS SO ORDERED this 18th day of August, 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma